

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*, 7ᵗʰ *fl.*
*Brooklyn, New York  11201*

April 29, 2010

**VIA ECF AND INTEROFFICE MAIL**

Honorable Carol B. Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    **Muhammad v. Potter**
               **08-cv-3061 (Amon, J.) (Azrack, M.J.)**

      We represent the Defendant, John E. Potter, Postmaster General, United States Postal Service ("Postal Service"), in the above-referenced action.  The Postal Service respectfully requests a pre-motion conference pursuant to Rule 3.A of Your Honor's Individual Motion Practices because the Postal Service intends to move for summary judgment pursuant to Fed. R. Civ. P. 56, for the reasons set forth below.

      A.    **Muhammad's Complaint**

      On or about July 28, 2008, Jamaal H. Muhammad ("Muhammad") commenced this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), alleging that the Postal Service discriminated against based him on his race (*i.e.*, African American) by failing to promote him to a manager position in Staten Island.  (Compl. ¶ 14.)

      Muhammad first began working for the Postal Service in or about August 1984.  (Compl. ¶ 9.)  Muhammad alleges that he was denied a promotion for the Manager of Customer Service position at the West New Brighton station in or about September 2007 – this was the second time Muhammad had applied for this position.  (Compl. ¶ 11.)  He claims that Edward Smith ("Smith"), a less qualified non-African American employee, was selected for the position.  (Compl. ¶ 11.)

      In support of his discrimination claim, Muhammad claims when he initially sought to transfer to Staten Island from New Jersey in 2004, then-Area Manager for Staten Island, Bob Puglia ("Puglia"), allegedly discriminated against him by delaying his transfer request.  (Compl. ¶ 9.)  Muhammad further claims that the first time he applied for the Manager position at the West New Brighton station, he was denied "final consideration" for the position in favor of a less qualified non-African American employee.  (Compl. ¶¶ 10, 11.)  Puglia selected Sandi Stern ("Stern"), a Caucasian candidate, for the position.  (Compl. ¶ 10.)

B.   **The Court Should Grant The Postal Services' Motion for Summary Judgment Pursuant To Fed. R. Civ. P. 56**

The Postal Service seeks to move for summary judgment and the dismissal of this case under Fed. R. Civ. P. 56(b) because Muhammad's failure to promote claim lacks merit. He cannot establish a *prima face* of discrimination under Title VII because the allegedly adverse employment actions did not occur under circumstances that raise an inference of discrimination. Moreover, the Postal Service had legitimate, non-discriminatory reasons for the challenged actions. The Court should dismiss Muhammad's complaint for the following reasons:

First, Muhammad claims that when he first sought to transfer to Staten Island in 2004, Puglia discriminated against him by requiring him to compete against other candidates for a supervisory position. Muhammad, however, suffered no adverse action with respect to his bid to transfer to Staten Island because after Puglia met with Muhammad, Puglia – the alleged discriminating official -- selected him for the position.

Second, on at least four occasions, Puglia selected Muhammad for an Acting Manager position and promoted him to a Manager position resulting in an increase in pay. Specifically, in or about June 2005, Puglia selected Muhammad as Acting Manager of the West New Brighton station in Staten Island. In or about October 2005, Puglia *promoted* Muhammad to the position of Manager of Customer Service at the Port Richmond station. In 2007, Puglia subsequently selected Muhammad as Acting Manager of the Stapleton station and in 2008 *promoted* him to Manager of that station.

Puglia's decision to approve Muhammad's request to transfer to Staten Island in 2004, to select him for Acting Manager positions on two separate occasions, and to promote him on two separate occasions to a Manager position rebuts any inference that Puglia discriminated against him when he was not selected Manager of the West New Brighton station in 2007. *See, e.g., Grady v. Affiliated Cent, Inc.*, 130 F.3d 553, 560 (2d Cir. 1997) (where same actor hires and fired plaintiff, "it is difficult to impute to her an invidious motivation that would be inconsistent with the decision to hire").

Finally, Puglia played no role in the non-selection of Muhammad the first time he applied for the Manager of the West New Brighton position. The selection process for manager positions follows a two-step process. In the first step, a selection panel ("selection panel") consisting of three management employees initially screens applicants and conducts interviews. After the screening process, the panel typically recommends three candidates to the selecting official – the second step – who interviews the candidates recommended by the selection panel and selects an individual for the position.

Here, the first time Muhammad applied for the West New Brighton position in late 2005, the selection panel did not advance Muhammad to the second step. Puglia played no role in the screening process and Muhammad has not identified anyone, who he believes discriminated against him with respect to his non-selection in this instance.[1]

---

[1] As further evidence of discrimination, Muhammad claims in his complaint that Puglia told him that he had not received the promotion because he "would not be promoted twice in one

2

   The second time Muhammad applied for the West New Brighton manager position in or about June 2007, the selection panel selected Muhammad to advance to the second step along with two other candidates – Patrick O'Donnell, then-Acting Manager of the West New Brighton Station, and Smith, then-Supervisor of Customer Service at the New Dorp Station in Staten Island.  After reviewing the application materials and interviewing the three candidates, in September 2007, Puglia selected Smith for the position.  Puglia selected Smith over Muhammad because Smith was better qualified for the manager position than Muhammad, even though Muhammad was a Manager at the time and Smith was a Supervisor.  At the time, Smith had worked for the Postal Service for 32 years; Muhammad for 23 years.  Even though Smith was at a lower management level than Muhammad, Smith supervised more mail routes and clerks and had greater responsibilities than Muhammad.  During Muhammad's interview, he gave only short answers without much elaboration.  In contrast, Smith provided detailed answers during his interview.  Smith also prepared a better application.  Muhammad, on the other hand, had essentially re-submitted the same application he had submitted on prior occasions, including the time he first sought a transfer to Staten Island three years earlier.

   For these reasons, we respectfully request a pre-motion conference with respect to the Postal Service's motion on these and other grounds.  We appreciate the Court's time and attention to this matter.

                   Respectfully submitted,

                   BENTON J. CAMPBELL
                   United States Attorney

              By:  s/ James R. Cho
                 James R. Cho
                 Assistant United States Attorney
                 718-254-6519
                 james.cho@usdoj.gov

cc:  Theresa Wade (via ECF)

---

year," even though Muhammad alleges other managers – *i.e.*, Stern and Smith – had been promoted twice in the same year.  (Compl. ¶ 10.)  Muhammad admitted at his deposition, however, that the transfer of Stern and Smith to different stations were not promotions, but lateral moves with no increase in pay.